## CIRCUIT COURT OF NELSON COUNTY

Elijah Wilkes,
a minor, et al.

v.

Eric Stephen Scaldeferri

October 1, 1998

Case No. (Law) 98-74

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the demurrer of the defendant in the above case. The defendant has demurred to the amended motion for judgment. asserting that Ocea S. Wilkes, the mother of Elijah Wilkes, cannot assert a derivative claim for loss of wages and loss of time incurred while taking care of her son as a result of his injuries in this accident. The demurrer is overruled.

The defendant argues that the derivative claim of a parent for loss of time and wages arising from a child's personal injury is not cognizable in Virginia. The defendant asserts that § 8.01-36 of the Code of Virginia, which codifies the derivative claim of a parent for expenses of an injured child, does not include expenses incurred by the parent for loss of wages or loss of time. Section 8.01-36 provides that a parent may bring an action against a tortfeasor for "the expenses of curing or attempting to cure such infant from the result of such personal injury. . . ."

Section 8.01-36 does not restrict the expenses to which a parent is entitled to recover to just medical expenses and medical bills. Expenses related to curing a child could include mileage, loss of time or wages, or costs to modify a room or a house for a child who has become disabled as a result of injuries in an accident.

Upon consideration, it appears that the real issue is one of weight and proof. The parent must prove that the time spent with the infant, resulting in a loss of wage or time, is reasonably related to the child being cured of its injuries, and otherwise reasonable and justified under the facts of the case and

the injuries to the infant. Just as proof of other damages in a negligence case, it must be proximately related to the injuries the plaintiff received, and reasonable. This is mostly an issue for the trier of fact to determine.